805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MCKINLEY, Petitioner-Appellant,
v.
William C. SEABOLD, Warden, Luther Luckett Correctional
Complex, Respondent- Appellee.
 No. 85-6125.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1986.
 
 Before KEITH, WELLFORD and MARTIN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court's judgment dismissing appellant's petition for a writ of habeas corpus (28 U.S.C. Sec. 2254). This case has been referred to a panel of this Court pursuant to Rule 9, Rules of the Sixth Circuit.
 
 
 2
 Upon consideration of the record and the informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In November, 1979, appellant was convicted by a jury of attempted first degree rape and of being a second degree persistent felony offender. A sentence of 20 years imprisonment was imposed. After exhausting his state remedies, appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in which he advanced five assignments of error, two of which he argues on appeal: (1) district court error in admitting a conviction for a federal offense as a basis for the persistent felony offender conviction and (2) ineffective assistance of counsel. After referring the matter to a magistrate and entertaining objections to the magistrate's report and recommendation, the district court entered an order dismissing the petition.
 
 
 4
 Appellant's first assignment of error is that the district court erred in finding that the requirements of Kentucky's persistent felony offender statute, KRS 532.080, were met. The crux of this argument seems to be that the prosecutor's use of a previous felony conviction (18 U.S.C. Sec. 2421) was error because the prosecutor failed to introduce evidence that the sentence imposed on the federal offense was one year or more as required by KRS 532.080(2)(a). Appellant concludes that his persistent felony offender conviction should be reversed as a result of the admission of this evidence.
 
 
 5
 A review of the transcript of the persistent felony offender proceeding reveals that the trial court permitted the prosecutor to introduce evidence of a federal conviction of June 16, 1972. The record does not establish that appellant was sentenced to a minimum term of one year as required by KRS 532.080(2)(a). However, the record does establish that the prosecutor introduced evidence of two state court convictions to which appellant did not object.
 
 
 6
 The jury was provided with ample evidence on which to base its verdict of guilty on the persistent felony offender charge. It is concluded that if the admission of the previous federal conviction was error, it is not cognizable in this federal habeas corpus proceeding. Matlock v. Rose, 731 F.2d 1236 (6th Cir.1984).
 
 
 7
 Appellant's second argument on appeal is that he received ineffective assistance of counsel. Appellant's allegations in this regard are conclusory in nature and a review of the record does not reveal any support for appellant's claim. Appellant fails to demonstrate that his counsel's assistance was ineffective within the meaning of Strickland v. Washington, --- U.S. ---- 104 S.Ct. 2052, 80 L.Ed.2d 675 (1984).
 
 
 8
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that appellant's motion for appointment of counsel be denied and the final order of the district court be affirmed.